

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEROY HOLMES,

    Petitioner,

v.                                                  Civil Action No. **3:07CV175**

BRYAN WATSON,

    Respondent.

## MEMORANDUM OPINION

Leroy Holmes, a Virginia prisoner, brings this petition for a writ of habeas corpus challenging his convictions in the Circuit Court for the City of Newport News ("the Circuit Court"). Watson has moved to dismiss on the grounds that Holmes's claims are procedurally defaulted. Watson has responded.[1] Jurisdiction is appropriate under 28 U.S.C. § 2254.

### I. PROCEDURAL HISTORY

Holmes was convicted in the Circuit Court of Newport News, Virginia, of abduction, robbery, and two counts of use of a firearm during the commission of a felony. On April 22, 2005, the Circuit Court entered final judgment on Holmes's convictions and sentences for those offenses. Holmes appealed. On April 27, 2006, the Supreme Court of Virginia refused Holmes's petition for appeal.

---

[1] Bryant Watson is the Warden at the institution where Holmes is confined.

Thereafter, in March of 2007, Holmes filed a federal petition for a writ of habeas corpus with the United States District Court for the Western District of Virginia. On March 26, 2007, the United States District Court for the Western District of Virginia transferred the petition to this Court. In his petition, Holmes contends that he is entitled to relief upon the following grounds:

| | |
|---|---|
| Claim One | Holmes was denied the effective assistance of counsel because counsel failed to file motions for pretrial discovery. |
| Claim Two | Holmes was denied the effective assistance of counsel because counsel failed to supply Holmes with pretrial discovery. |
| Claim Three | Holmes was denied the effective assistance of counsel because counsel advised Holmes to proceed with a trial by a judge rather than a jury. |
| Claim Four | Holmes was denied the effective assistance of counsel because counsel failed to adequately prepare for Officer Shaw's testimony. |
| Claim Five | Holmes was denied the effective assistance of counsel because counsel introduced unnecessary information about the relationship between Holmes and Deputy Allen.[2] |

Watson contends that Holmes's claims are unexhausted and procedurally defaulted. In his motion to dismiss, Watson does not explicitly mention Claim Five, but he does seek dismissal of the entire petition on the grounds that all of Holmes's claims are procedurally defaulted. Watson's arguments regarding lack of

---

[2] Holmes did not include Claim Five on the standardized form for filing a petition under 28 U.S.C. § 2254. Rather, Claim Five appears in the papers Holmes attached to the standardized form.

2

exhaustion and procedural default apply with equal force to Claim Five. Similarly, the record indicates that Holmes's argument as to why his default should be excused would be the same for Claim Five as it was for Claims One through Four. In light of these circumstances, it is appropriate to address the assertion of procedural default with respect to all of Holmes's pending claims. See Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999).

## II. EXHAUSTION AND PROCEDURAL DEFAULT

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews, 105 F.3d at 911 (citing Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." Breard, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas

petitioner has procedurally defaulted his federal habeas claim." Id. (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). Furthermore, a federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" Id. (quoting Coleman, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court is precluded from reviewing the merits of a defaulted claim. See Harris v. Reed, 489 U.S. 255, 262 (1989).

Holmes has not presented any of his present grounds for habeas relief to the Supreme Court of Virginia. If Holmes were now to attempt to present these claims to the Supreme Court of Virginia, that court would find the claims barred under Virginia Code Section 8.01-654(A)(2). That statute provides, in pertinent part, that "[a] habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code Ann. 8.01-654(A)(2) (West 2007). This statute of limitations constitutes an adequate and independent state procedural rule. See Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587-88 (E.D.

4

Va. 2006). Thus, Holmes's claims are procedurally defaulted and barred from review here unless he demonstrates some basis for excusing his default.

Holmes responds that he did not realize that he had mailed his petition for a writ of habeas corpus to the federal courts instead of the state courts. Holmes asserts that he requested the forms for filing a state petition for a writ of habeas corpus from the law library at his prison and he was provided with the wrong forms.[3] Holmes asserts that he merely followed the instructions on the forms and filed the same with the United States District Court for the Western District of Virginia. Holmes further explains that "I'm near illiterate and totally ignorant in legal matters." (Petr.'s Resp. to Resp't's Mot. to Dismiss.)

In order to establish "cause" to excuse a procedural default, a prisoner must "show that some objective factor external to the defense impeded [the defendant's] efforts to comply with the State's procedural rule." Murray v. Carrier 477 U.S. 478, 488 (1986). Unfamiliarity with the legal system and lack of education do not constitute "objective factor[s] external to the defense" sufficient to excuse his default. See Harris v. McAdory, 334 F.3d 665, 668-69 (7th Cir. 2003); McCray v. Johnson, No. 2:06cv728, 2007 WL 2892625, at *1 (E.D. Va. Sept. 28, 2007)(citing United States v.

---

[3] Holmes represents that he does not have direct access to the law library and must request documents from the library through the prison mail system.

5

Sosa, 364 F.3d 507, 512 (4th Cir. 2004); Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002); Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993)). Thus, Holmes's purported lack of comprehension that he had mailed his petition for a writ of habeas corpus to a federal rather than a state court does not constitute cause that would excuse his failure to file a timely state petition for a writ of habeas corpus. See Coleman, 501 U.S. at 753 (noting that ignorance and inadvertence do not constitute cause). Holmes's claims will be DISMISSED. The motion to dismiss (Docket No. 5) will be GRANTED. The action will be DISMISSED.

The Clerk is DIRECTED to mail a copy of the Memorandum Opinion to Holmes and counsel of record.

And it is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: February 7, 2008
Richmond, Virginia